IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES RONNIE REEVES, #T2445                                                  PLAINTIFF

VERSUS                                                  CAUSE NO. 2:12-CV-194-KS-MTP

RONALD KING, ET AL.                                                          DEFENDANTS

**ORDER**

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Reeves, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the South Mississippi Correctional Institution (SMCI), filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983, on October 30, 2012. Plaintiff's request to proceed *in forma pauperis* was granted on November 14, 2012. The named Defendants are Ronald King, Superintendent of SMCI; Johnnie Denmark, Warden at SMCI; Debra Platt, Lieutenant at SMCI; Anita Thumro, employee at SMCI; and John Doe, employee at SMCI. Upon liberal review of the Complaint and Response [9], the Court has reached the following conclusions.

Plaintiff complains about two rule violation reports (RVR), numbered 01248967 and 01248968, issued to him at SMCI on June 11, 2012. Plaintiff alleges that neither RVR was correctly written or delivered. Plaintiff further alleges that he was not allowed a hearing to defend himself and that his rights were "waived without proper documentation by witnesses" in violation of his constitutional rights. Compl. [1] at 5. Plaintiff claims that "false information" was provided on the reports in violation of MDOC policy. *Id.* Plaintiff was found guilty of both violations, and as a result all of his prison privileges, except exercise, were restricted for

approximately three months.[1]  Plaintiff also complains that as a result of the guilty findings he will be "confined to some type of lock-down unit for a minimum of 6 months leaving Plaintiff unable to transfer to a facility that is closer to family so that he might receive visitation."  Resp. [9] at 2.  Plaintiff is seeking injunctive relief and monetary damages.

**I. Analysis**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Vill. v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993).  Initially, the Court notes that an inmate does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another. *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996).  Nor does an inmate have a constitutional right to receive a certain custodial

---

[1] Specifically, in Plaintiff's Response [9], he states that the restriction period for RVR #01248967 was from June 28, 2012 to July 28, 2012, and the restriction period for RVR #01248968 was from August 12, 2012 to October 11, 2012.

classification while incarcerated. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995). Furthermore, the classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted).

At best, Plaintiff is asserting that his constitutional rights were violated under the Due Process Clause when his classification level was changed and his privileges were restricted. To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). The denial of prison privileges or the classification of Plaintiff in a certain custody level is not an "atypical and significant hardship" of prison life. *See Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003)(noting that "this circuit has continued to hold post-*Sandin* that an inmate has no protectable liberty interest in his classification" and remanding case to determine if lock-down status for thirty years was "atypical" under *Sandin*). Simply put, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (finding inmate's thirty day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *see also Parker v. Currie,* 359 F. App'x 488, 490 (5th Cir. 2010) (holding an inmate's "mere disagreement with a [custodial] classification is insufficient to establish a constitutional violation"). In sum, Plaintiff does not have a constitutionally protected right to a certain classification level or any privileges associated

with a certain custody level while in prison.

Also, Plaintiff is not entitled to relief under § 1983 based on his claim that MDOC policy and procedure was violated by these rule violation reports. These allegations, without more, simply do not rise to a level of constitutional deprivation. *Jones v. Hudnell*, 210 F. App'x 427, 428 (5th Cir. 2006) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986))("A violation of prison regulations, without more, does not give rise to a federal constitutional violation."); *see also Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005)(holding inmate does not have a federally protected liberty interest in having prison grievances resolved to his satisfaction).

## II. Conclusion

As explained above, a change in Plaintiff's custody level and the restriction of his prison privileges does not amount to a constitutional deprivation. Therefore, this case is dismissed as frivolous, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), with prejudice. *See Pichardo v. Kinker,* 73 F.3d 612, 613 (5th Cir. 1996)(affirming frivolous dismissal of § 1983 suit arising out of classification level); *Sharp v. Anderson*, No. 99-60676, 2000 WL 960568, at *1 (5th Cir. 2000)(dismissed as frivolous appeal of § 1983 suit regarding disciplinary violation and resulting placement in segregation).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[2] If Plaintiff receives "three strikes" he

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

    A Final Judgment in accordance with this Order will be entered.

    SO ORDERED AND ADJUDGED, this the 9th day of January, 2013.

                                     *s/ Keith Starrett*
                          UNITED STATES DISTRICT JUDGE